**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| McCLURE ENTERPRISES, INC., an Arizona Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>GENERAL INSURANCE COMPANY OF AMERICA, aka SAFECO CORPORATION, a Washington corporation, as professional liability insurer for William J. Downey,<br><br>    Defendant. | No. CV 05-3491-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Defendant General Insurance Company of America's ("GICA") Motion to Exclude Plaintiff McClure Enterprises, Inc.'s ("McClure") Expert Witness on Damages under Rule 702 of the Federal Rules of Evidence. (Dkt. 75.) Also pending is GICA's Objection to Untimely Affidavit of John Gorman, C.P.A. ("Gorman"). (Dkt. 87.)

**BACKGROUND**

GICA seeks to exclude McClure's expert Gorman's testimony under Federal Rule of Evidence 702 and Daubert[1] based on report of GICA's expert Timothy Gay ("Gay"). McClure filed a Response including a supplemental affidavit of expert Gorman (Dkt. 85 Ex.

---

[1] Daubert v. Merrell Dow Pharmaceuticals 509 U.S. 579 (1993).

A, "Gorman Affidavit"); GICA objects to the Gorman Affidavit as untimely.  (Dkt. 87.)  Both parties have since filed their respective replies and the matter is now fully briefed.[2]

## STANDARD OF REVIEW

### A.   Objection to Untimely Affidavit

Rule 37 can bar use of information that was not previously disclosed as evidence on a motion if required by Rule 26 and the failure to disclose was not substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1).  A party has a duty to disclose any additions or changes to a report filed by their expert by the party's pretrial disclosure deadline.  Fed. R. Civ. P. 26(e)(2).  Absent a stipulation or court order, a party must submit any contradictory or rebuttal expert testimony within 30 days after the other party's disclosure.  Fed. R. Civ. P. 26(a)(2)(C)(ii).

### B.   Motion to Exclude Expert Witness

A witness who has been qualified as an expert by knowledge, skill, experience, training, or education may give an opinion on scientific, technical, or otherwise specialized topics ". . . if (1) the testimony is based upon sufficient facts or data,  (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."  Fed. R. Evid. 702.  Trial judges have a responsibility to act as gatekeepers to exclude all types of unreliable expert testimony.  Fed. R. Evid. 702 (Advisory Committee's Notes 2000 Amendments).  To exercise this responsibility, " . . . the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable."  Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999).  Daubert sets a two-part test for admitting expert testimony that focuses on the reliability and relevancy of the opinion.  509 U.S. at 589.  To be sufficiently reliable, the opinion must be based on "scientifically valid principles."  Id. at 595.  To be relevant, the

---

[2]For factual history of case, refer to Order dated July 24, 2007 (Dkt. 35.)

1  testimony must "assist the trier of fact to . . . determine a fact at issue." Id. at 592.  The
2  burden is on ". . . the party proffering the evidence [to] explain the expert's methodology
3  and demonstrate in some objectively verifiable way that the expert has both chosen a
4  reliable scientific method and followed it faithfully." Daubert v. Merrell Dow
5  Pharmaceuticals, Inc., 43 F.3d 1311, 1319 (9th Cir. 1995).  Factors that courts have used
6  to evaluate the reliability of an expert's methods include:

1. Whether the expert's method is falsifiable or merely conclusory;
2. Whether the technique has been subject to peer review and publication;
3. The known or potential error rate of the technique;
4. The existence and maintenance of standards and controls;
5. Whether the technique has general acceptance in the relevant expert community;
6. Whether the substance of the testimony was prepared specifically for the instant litigation;
7. Whether the expert's extrapolation from an accepted premise to his conclusion was justifiable;
8. Whether the expert has adequately accounted for obvious alternative explanations;
9. Whether the expert "is being as careful as he would be in his professional work outside his paid litigation consulting";
10. Whether the field of expertise claimed by the expert is known to reach reliable results for the type of opinion the expert would give.

See Daubert, 509 U.S. at 593-595; Daubert, 43 F.3d at 1317; see Claar v. Burlington
N.R.R., 29 F.3d 499 (9th Cir. 1994); see Kumho, 526 U.S. at 149-151; Fed. R. Evid. 702
(Advisory Committee's Notes 2000 Amendments).  These factors are neither required nor
exhaustive.  See Fed. R. Evid. 702 (Advisory Committee's Notes 2000 Amendments).
Additionally, no single factor is necessarily dispositive of the reliability of an expert's
testimony.  Id.

### DISCUSSION

**A.  Objection to Untimely Affidavit**

GICA seeks to exclude the Gorman Affidavit by classifying it as a supplemental
expert rebuttal to the report filed by GICA's expert Gay.  (Def.'s Objection to Untimely

Aff. of John Gorman, C.P.A. at 1-2.) GICA alleges that, as a rebuttal document, it should have been filed by August 17, 2007, based on Rules 26(e)(2) and 26(a)(2)(C)(ii).

In a Stipulation requesting additional time to respond to GICA's Motion to Exclude, McClure cited its need for an extension "so that its expert can finalize his review and affidavit to be filed concurrently with McClure's Response to the motion." (Dkt. 83.) GICA's counsel "authorize[d] counsel for Plaintiff to sign this Stipulation on his behalf." (Id.) Counsel for GICA was therefore made aware of McClure's intent to produce the Gorman Affidavit prior to its filing. GICA agreed without objection to the Stipulation giving McClure extra time to respond to the Motion to Exclude specifically for preparation of the Gorman Affidavit. By doing so, GICA waived any objection to the timing of the affidavit's filing.

Moreover, the Gorman Affidavit is not rebuttal evidence, in that it is not "intended solely to contradict or rebut evidence." Fed. R. Civ. P. 26(a)(2)(C)(ii). Rather, the affidavit was provided "in support of [Gorman's] original opinion and in answer to [GICA's] Motion [to Exclude]." (Gorman Aff. ¶ 4.) Therefore the rebuttal expert disclosure deadline does not apply, and GICA's objection to the Gorman Affidavit will be overruled.

### B. Motion to Exclude Gorman's Testimony

GICA requests the Court to exclude Gorman's testimony under Federal Rule of Evidence 702. GICA argues that, based on Gay's report, Gorman's opinion does not reach the standard for admissibility of expert opinion set by Daubert and its progeny. (Def.'s Mot. to Exclude Pl.'s Expert Witness at 6-8.) As mentioned above, Daubert requires expert testimony be relevant to the facts of the case and sufficiently reliable. There can be no dispute that the conclusion reached by Gorman and the method used to reach this conclusion would be relevant to the Court "to determine a fact at issue,"

namely the damages potentially suffered by McClure.  Thus, the only question is whether Gorman's testimony is sufficiently reliable.

In exercising its gatekeeping responsibility, the Court finds the evidence seeking to exclude Gorman's testimony based on the Daubert reliability standard to be insufficient.  GICA, through Gay, argues Gorman's testimony does not meet the standard for reliability because it fails to comply with accepted accounting standards.  (Def.'s Mot. to Exclude Pl.'s Expert Witness at 2.)  Specifically, Gay alleged the following deficiencies in his evaluation of Gorman: (1)  failure to establish a correlation between lost profit damages and the disputed contracts because McClure has other sources of revenue that could affect profits; (2)  failure to determine lost revenue; (3)  failure to determine variable costs; (4)  failure to consider external factors which could have affected McClure's average profits; (5)  misrepresentation of McClure's true income; (6)  inappropriately basing damages on this misrepresented income; and (7)  failure to consider expenses by doing gross profit calculation from tax returns.  (Id., Ex. B at 2-7.)  Each of these points was addressed by the Gorman Affidavit submitted with McClure's Response.  (Gorman Aff. ¶ 7.)

There is evidence of several of the reliability factors listed above in the Gorman Affidavit supporting his methodology.  The method Gorman used to calculate damages is supported by two publications.  (Id. ¶ 6.)  The basis for his opinion is generally accepted as appropriate by the accounting community.  (Id. ¶ 5.)   By visiting the offices and speaking with McClure's employees, Gorman was able to account for alternate explanations for the loss.  (Id. ¶ 7.)  Finally, by using only the documents available that were created under threat of perjury, Gorman's evidence could be considered the best available.  (Id. ¶¶ 5-6.)

As Gorman's method meets the standard set by Daubert, the disagreement between experts Gay and Gorman goes to weight, not admissibility.  It is left to the parties to

- 5 -

convince the trier of fact that their expert and his methodology are more appropriate to gauge the loss in this case. As the Daubert court said, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." 509 U.S. at 596. GICA is free to use these "traditional and appropriate means" at trial.

## CONCLUSION

In light of the reasons set forth above,

**IT IS HEREBY ORDERED OVERRULING** GICA's Objection to Untimely Affidavit. (Dkt. 87.)

**IT IS FURTHER ORDERED DENYING** GICA's Motion to Exclude Plaintiff's Expert Witness on Damages. (Dkt. 75.)

DATED this 4th day of June, 2008.

Stephen M. McNamee
United States District Judge

- 6 -